Herman SANTOSO, also known as Hermanus David Santoso, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 05–5083–ag.

United States Court of Appeals, Second Circuit.

June 20, 2007.

H. Raymond Fasano, New York, NY, for Petitioner.

Jeffrey A. Taylor, United States Attorney, District of Columbia, Madelyn E. Johnson, Diane G. Lucas, Assistant United States Attorneys, Washington, DC, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Herman Santoso, a native and citizen of Indonesia, seeks review of the August 26, 2005 order of the BIA denying his motion to reopen. *In re Herman Santoso*, No. A96 423 907 (B.I.A. Aug. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citations omitted). The BIA may properly deny a motion when the movant fails to present material, previously unavailable evidence, or fails to establish prima facie eligibility for the relief sought. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

As a preliminary matter, because Santoso petitioned for review only of the BIA's August 2005 denial of his motion to reopen and reconsider, we decline to consider any arguments pertaining to the BIA's April 2005 decision denying his

claims on the merits. *See Ke Zhen Zhao*, 265 F.3d at 89–90.

■ The BIA did not abuse its discretion in denying Santoso's motion to reconsider because he failed to specify any errors of fact or law in the BIA's April 2005 decision. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao*, 265 F.3d at 90.

■ Furthermore, the BIA did not abuse its discretion in denying Santoso's motion to reopen. *See Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005). The BIA reasonably declined to consider the evidence Santoso submitted that pre-dated the final order of removal, as there was no indication that such articles were previously unobtainable. *See* 8 C.F.R. § 1003.2(c)(1). Further, the BIA reasonably found that the remaining documents did not establish changed country conditions in Indonesia that would warrant reopening Santoso's removal proceedings. At most, the documents submitted established a continued level of unrest in areas of Indonesia, not changed country conditions. Ultimately, after considering the record as a whole, including all of the background documents that Santoso submitted, the BIA did not abuse its discretion in denying his motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274–75 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.